# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00067-CV

**R. Wayne Johnson, Appellant**

**v.**

**C. Parker, et al., Appellee**

### FROM THE 119TH DISTRICT COURT OF TOM GREEN COUNTY
### NO. B150472-C, THE HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant R. Wayne Johnson, proceeding pro se, filed a notice of appeal on February 5, 2019. However, Johnson is on the State of Texas's list of vexatious litigants and is subject to a prefiling order filed in Bee County.[1] *See* Tex. Civ. Prac. & Rem. Code § 11.101(a) (generally authorizing court to enter order prohibiting person from filing "pro se, a new litigation" without permission from local administrative judge when court finds, after notice and hearing, that person is "a vexatious litigant").

Chapter 11 of the Texas Civil Practice and Remedies Code, governing vexatious litigants, provides that a clerk of a court may not file a "litigation, original proceeding, appeal,

---

[1] Chapter 11 of the Texas Civil Practice and Remedies Code requires that the Office of Court Administration (OCA) "post on the agency's Internet website a list of vexatious litigants subject to prefiling orders." *See* Tex. Civ. Prac. & Rem. Code § 11.104(b). The OCA list reflects that on June 14, 2001, the 156th District Court of Bee County signed an order declaring Johnson a vexatious litigant and prohibiting him from "filing any more litigation in Texas courts without permission of a local administrative judge." *See* https://www.txcourts.gov/judicial-data/vexatious-litigants/ (last visited July 22, 2019).

or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing." *Id.* § 11.103 (duties of clerk); *see Douglas v. Government Emps. Ins. Co.*, No. 01-12-00129-CV, 2013 WL 1490497, at *1 (Tex. App.—Houston [1st Dist.] Apr. 11, 2013, no pet.) (mem. op.) (per curiam) (describing chapter 11 prefiling requirements for vexatious litigants). Consequently, by order dated June 21, 2019, we notified Johnson that he was required to obtain the permission of the local administrative judge to file this appeal, provided him with the address of the local administrative judge, and ordered him to demonstrate to this Court, within thirty days of the date of the order, that he has obtained permission from the local administrative judge to file this appeal. We also notified Johnson that if he failed to comply with the order, we would dismiss his appeal.

To date, Johnson has failed to demonstrate that he has obtained the local administrative judge's permission to file this appeal. Accordingly, we dismiss this appeal. *See Harper v. State of Texas Comm'n on Judicial Conduct*, No. 03-16-00519-CV, 2016 WL 6833105, at *1 (Tex. App.—Austin Nov. 15, 2016, no pet.) (mem. op.) (dismissing appeal because vexatious litigant failed to comply with appellate court's request that he file proof that he had obtained permission from local administrative judge); *Douglas*, 2013 WL 1490497, at *2 (same).

_____

Thomas J. Baker, Justice

Before Justices Goodwin, Baker, and Kelly

Dismissed

Filed:   August 20, 2019

2